## Richmond

### CONRAD PLUMMER AND GERTRUDE PLUMMER V. COMMONWEALTH OF VIRGINIA.

August 28, 1974.

Record No. 730899.

Present, All the Justices.

*F. Guthrie Gordon, III (Charles Henry Gordon,* on brief), for plaintiffs in error.

*Gilbert W. Haith, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Harrison, J., delivered the opinion of the court.

The question presented by this appeal is whether the Commonwealth has the right to demand forfeiture of the sum of $19,841.66 on the ground that the money was used by Conrad Plummer and Gertrude Plummer in connection with their operation of a lottery. The lower court convicted the Plummers of operating a lottery and denied their motions to return the money which appellants allege was improperly seized. Appellants appealed.

On January 11, 1973, Sergeant E. D. Haynes and other police officers conducted a valid search of the residence of the Plummers located in Hampton. The officers found slips of paper with markings and identification numbers indicating that they were lottery or numbers bets, a sales receipt book used to record bets, and reflecting a code which indicated the writer of a particular number. Four similar receipt books were found in a coat owned by Mrs. Plummer. Also found was Mrs. Plummer's

purse containing $263.66. Within the purse the officers found a slip of paper bearing the same code number as appears on the book in which the bets were recorded. In a bedroom closet the officers found a safe. Mr. Plummer stated that he had not opened the safe in twelve years, and was unable to work the combination. Mrs. Plummer told the officers that she did not know the combination, and she also said that the safe had not been opened in "some years".

The safe was taken to police headquarters and opened. The officers found therein the title to a 1969 Cadillac automobile, property deeds, tax receipts, other personal papers of the Plummers, and $19,841.66 in denominations of ones, fives, twenties and a small amount of change. A large number of the bills are 1963 or 1969 issues, and some are earlier. The money was neatly banded in bundles and marked. There were no slips of paper or other extraneous writings in the safe which could be identified as related to the numbers game. Also found in the safe was a metal box containing eight silver dollars, one $10 gold piece and one old style $50 federal reserve note.

The Commonwealth does not claim the money found in the metal box should be forfeited, and the defense does not contest a forfeiture of the money found in Mrs. Plummer's purse. The money in controversy is the $19,841.66.

The Plummers explained the presence of this large sum by vague and inconclusive testimony that about 1960 Mrs. Plummer received $9,000 from the estate of her father and $5,000 from a sale of a small mercantile business. Their only source of income is from social security payments and Mrs. Plummer's earnings from babysitting.

The evidence amply sustains the conviction of these parties of operating a lottery, commonly known as a numbers game, in violation of Code § 18.1-340. And there is a strong suspicion that the money found in the safe was accumulated from the operation of this unlawful enterprise. However, the Commonwealth failed to show by a preponderance of the evidence that the specific money within the safe was "used in connection with the promotion, operation or conduct of any lottery or attempted lottery". Such a showing is necessary if the money is to be forfeited pursuant to the provisions of § 18.1-341.

*Quidley* v. *Commonwealth,* 190 Va. 1029, 59 S. E. 2d 52 (1950), is pertinent to our decision. There two defendants, Quidley and

Clanton, were convicted of operating a lottery. At the time of his arrest Quidley had $137.68 on his person, of which $20 was in small change. He also had in his possession a number of slips of paper called "numbers slips". Clanton had on his person the sum of $25.86. While no "numbers slips" were found on Clanton a police officer did find 47 slips with numbers thereon in an old automobile tire and Clanton told the officers, "That is all I have." The court approved the confiscation of the money found on the person of Quidley, observing that he made no explanation of the large amount of small change, and finding that this money was either the proceeds from a sale of lottery tickets or was available for use in such sales. With reference to Clanton we said:

> "There was no description of the money found on Clanton except as to its amount. The mere fact that he had $25.86 on his person is not indicative of its use in promoting a lottery or that it was the proceeds from the operation of a lottery. There is not shown any direct or circumstantial connection between this money and the lottery. For that reason we think the trial judge erred in forfeiting the $25.86. The amount should be released to Herbert Clanton." 190 Va. at 1039-40, 59 S. E. 2d at 57.

*See also Tri-Pharmacy, Inc.* v. *United States,* 203 Va. 723, 127 S. E. 2d 89 (1962).

It is a matter of common knowledge that one who engages in an extensive numbers operation must have a sufficiently large amount of money available to pay off in the unlikely event a player (purchaser of a number) wins. However, in the instant case there is no evidence as to the size of the operation being conducted by the Plummers, or just what position these two people occupied in the numbers hierarchy.

The money found in Mrs. Plummer's purse was properly forfeited, for commingled therewith was a paper writing which showed a connection with the lottery being conducted. The trial court could properly infer therefrom that this money was being used for prohibited purposes. However, there was nothing found in the safe other than the money and such personal papers as are usually found in bank safety deposit boxes or private safes. There is no evidence to show that the money in the safe had been segregated, dedicated, earmarked or in any way set apart as an integral part of the illegal numbers operation being conducted

by the Plummers. *See* 19 A.L.R.2d *Gaming* § 4 (1951); 38 C. J. S. *Gaming* §78 c (1943); 38 Am. Jur. 2d *Gambling* § 184 (1968).

For a forfeiture of money to be sustained, the Commonwealth must show a connection between the lottery operation and the money. That essential showing is absent here. The only connection shown was the admitted fact that the $19,841.66 was the money of the Plummers and that it was stored in a safe and readily accessible to them. While the Commonwealth argues that this large sum of money had been accumulated by appellants in their operations of the numbers game, and was being used, or would be used if and when necessary, in connection with such operation, we cannot hold as a matter of law that mere possession of money, and its availability and accessibility, are sufficient to sustain its forfeiture.

Accordingly, so much of the orders entered by the court below on June 22, 1973, as denied the return to appellants of any money found in the safe, or ordered it confiscated, is reversed. The cases are remanded for the entry of such orders as may be necessary to effect a return to appellants of the money and other contents of the safe.

*Reversed and remanded.*